BUSINESS ALLIANCE CAPITAL CORPORATION *v.*
DAVID N. FUSELIER ET AL.
(AC 25422)

McLachlan, Harper and Peters, Js.

Argued February 18—officially released May 3, 2005

*Christopher J. Molyneaux*, for the appellants (defendants).

*Suzanne LaPlante*, for the appellee (plaintiff).

*Opinion*

PETERS, J. As a general principle, the full faith and credit clause of the United States constitution permits a creditor who has obtained a judgment in one state to

enforce that judgment in this state. This principle is inapplicable, however, if the foreign judgment is a default judgment rendered by a court that did not have personal jurisdiction over the judgment debtor. The primary issue before us is whether this case falls within the general rule or its exception. Under the circumstances here, in which the issue of personal jurisdiction was litigated in the foreign court, the trial court concluded that the foreign creditor was entitled to enforce its judgment. We agree and affirm the court's judgment in favor of the foreign creditor.

The plaintiff, Business Alliance Capital Corporation, initiated its Connecticut action against the defendants, David N. Fuselier and Fuselier & Company, Inc., by an application for a prejudgment remedy for $1,300,000. The application was based on a default judgment rendered by the New Jersey Superior Court on October 26, 2001. The trial court, *Radcliffe, J.*, granted the application after the defendants failed to appear to contest its validity.

On January 28, 2002, the defendants filed a motion to vacate the New Jersey judgment on the ground of lack of proper notice. The defendants argued that, although the individual defendant's wife had been served with a summons and complaint, he, himself, had not been served properly. On March 11, 2002, the plaintiff filed a complaint in Connecticut to enforce the New Jersey judgment. On June 21, 2002, the New Jersey court granted the defendants' motion to vacate the default judgment on the express condition that the defendants pay the plaintiff $27,384.90, a sum representing reasonable costs and attorney's fees that it had incurred in its effort to receive payment from the defendants. On July 26, 2002, the court reiterated the sum that was owed to the plaintiff and set a thirty day deadline for payment. Because the defendants never paid any part of this order, the default judgment remained in effect.

On December 24, 2002, the defendants again asked the New Jersey court to vacate the default judgment, this time alleging that their counsel had not been served with the court's July 26, 2002 order. The court found to the contrary, deciding that the plaintiff diligently had obtained acknowledgement of service for each pivotal document. On April 23, 2003, the court declined to vacate the judgment in light of the continuous and continuing pattern of delay by the defendants. The defendants did not appeal from that judgment.

On June 2, 2003, upon the conclusion of the New Jersey proceedings, the plaintiff filed a motion for summary judgment in this state. In support of its motion, the plaintiff submitted a certified copy of the New Jersey judgment and an affidavit of its corporate counsel. The defendants' objection to the motion was based on the individual defendant's allegation in his affidavit that he was "never served with [the New Jersey] lawsuit personally." The individual defendant further stated that the default judgment against the defendants was rendered even though neither of them had ever made an appearance. The defendants also asserted that they did not owe any money to the plaintiff.

On October 17, 2003, the trial court, *White, J.*, granted the plaintiff's motion. After finding no genuine issue of material fact in dispute as to the validity of the New Jersey judgment, the court concluded that the judgment was entitled to full faith and credit by the courts of this state. The court also held that the doctrine of res judicata barred the defendants from challenging the amount of the debt owed to the plaintiff. The defendants now appeal.

The defendants claim that the court improperly granted the plaintiff's motion for summary judgment because the court was mistaken in concluding, as a matter of law, that (1) the judgment of the New Jersey

court was entitled to full faith and credit by the courts of this state and (2) the doctrine of res judicata precluded the defendants from raising a claim contesting the amount of the unpaid debt. We are not persuaded by the defendants' claims.

Before addressing the merits of these claims, we first set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 83, 856 A.2d 372 (2004). A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary review of the court's decision. *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

I

In this case, there is no dispute that the New Jersey judgment was rendered against the defendants by default.[1] The defendants argue that the court should

---

[1] The defendants argue that because the New Jersey judgment was rendered by default, it did not meet the definition of a "foreign judgment" as defined by the Uniform Enforcement of Foreign Judgments Act (act), General Statutes § 52-604 et seq. This claim is without merit.

Concededly, General Statutes § 52-604 provides in relevant part that " 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, *except one obtained by default in appearance* or by confession of judgment." (Emphasis added.) General Statutes § 52-607 provides, however, that "[t]he right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint *instead of proceeding under sections 52-604 to 52-609*, inclusive, remains unimpaired." (Emphasis added.) In the present case, the plaintiff elected to enforce the New Jersey judgment in this state by an action on the judgment instead of by utilizing the procedures set forth in the act. Section 52-604 is, therefore, inapplicable.

not have enforced the New Jersey judgment because the New Jersey court rendered its judgment without having personal jurisdiction over them. Specifically, they assert that they failed to respond because the individual defendant was not served properly and therefore had no notice of the pending action. We do not agree.

The full faith and credit clause of the United States constitution provides in relevant part that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State. . . ." U.S. Const., art. IV, § 1. Because the interpretation of the full faith and credit clause is a question of federal law, state courts must look to the decisions of the United States Supreme Court for guidance in its application. *Thomas* v. *Washington Gas Light Co.*, 448 U.S. 261, 271 n.15, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980).

Supreme Court precedent clearly describes the purpose of the full faith and credit clause. The clause was adopted "to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." (Internal quotation marks omitted.) *Baker* v. *General Motors Corp.*, 522 U.S. 222, 232, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998).

Only in a select few situations may courts set aside their obligation to afford full faith and credit to final judgments of foreign courts. In particular, a debtor who seeks to challenge the validity of a foreign judgment that has been registered properly in this state may do so only by raising "[c]onstitutionally permissible defenses . . . that destroy the full faith and credit obligation owed to a foreign judgment . . . ." (Internal quotation marks omitted.) *Nastro* v. *D'Onofrio*, 76

Conn. App. 814, 823, 822 A.2d 286 (2003). Such defenses include lack of personal jurisdiction or lack of due process. Id.; see also *Morris* v. *Jones*, 329 U.S. 545, 550–52, 67 S. Ct. 451, 91 L. Ed. 488 (1947) (holding that default judgments entitled to full faith and credit absent finding of lack of jurisdiction of rendering court).

"[T]he judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction rests heavily upon the assailant. . . . Furthermore, the party attacking the judgment bears the burden of proof regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding." (Citations omitted; internal quotation marks omitted.) *Packer Plastics, Inc.* v. *Laundon*, 214 Conn. 52, 57, 570 A.2d 687 (1990).

In the present case, the defendants challenge the validity of the New Jersey judgment on the ground that the New Jersey court lacked jurisdiction over them because, in their view, the individual defendant was never served properly. To determine whether a foreign court lacked jurisdiction, we look to the law of the foreign state. *Tri-State Tank Corp.* v. *Higganum Heating, Inc.*, 45 Conn. App. 798, 800, 699 A.2d 201 (1997), citing *Smith* v. *Smith*, 174 Conn. 434, 438, 389 A.2d 756 (1978). New Jersey court rule 4:4-4 (a) provides in relevant part that "[s]ervice of summons, writs and complaints shall be made. . . . [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf . . . . " The trial court found that the plaintiff satisfied the requirements of the New Jersey Rules of Court when

it delivered a summons and complaint to the wife of the individual defendant at their residence in Connecticut.

The defendants do not dispute the trial court's finding. They claim instead that the method of service employed by the plaintiff did not provide them with adequate notice to enable them to appear in the New Jersey action. As support for this claim, the defendants provided the trial court with a single affidavit in which the individual defendant stated that he had never been served personally with notice of the New Jersey action.

In weighing the evidence submitted by the parties, the court noted that, after service of summons and complaint had been made on the individual defendant's wife in Connecticut, counsel for the defendants subsequently filed two motions with the New Jersey court requesting an extension of time to file an answer. The court inferred from this fact that the defendants had to have known about the New Jersey lawsuit. Relying on this finding, the court determined that no genuine issue of material fact was in dispute as to the validity of the New Jersey judgment and granted the plaintiff's motion for summary judgment.

We agree with the trial court that the defendants failed to satisfy their heavy burden of demonstrating that the New Jersey court lacked jurisdiction. In support of its motion for summary judgment, the plaintiff submitted a certified copy of the New Jersey judgment[2] accompanied by an affidavit of its corporate counsel. The only evidence to the contrary was the individual defendant's single, conclusory affidavit alleging lack of service, which we already have found unpersuasive.

We conclude, therefore, that the court properly found no genuine issue of material fact in dispute as to the

---

[2] The defendants contend that the plaintiff submitted an uncertified copy of the New Jersey judgment when it filed its motion for summary judgment. The record provides no support for this claim.

validity of the New Jersey judgment. Accordingly, the court properly concluded, as a matter of law, that the New Jersey judgment was entitled to full faith and credit in this state.

## II

In the alternative, the defendants argue that the court improperly determined that the common-law doctrine of res judicata, as applied by courts in New Jersey, precluded them from challenging the amount of the debt owed to the plaintiff. We disagree.

A valid, final judgment is entitled to the same full faith and credit in every court within the United States as that judgment has by law in the courts of the state in which it was rendered. *Thomas* v. *Washington Gas Light Co.*, supra, 448 U.S. 270; see also 28 U.S.C. § 1738.[3] Because this case concerns a default judgment rendered by a court in New Jersey, we must apply the law of that state.

In New Jersey, the principle of res judicata applies to default money judgments because such judgments are final determinations as to the nature and amount of disputed claims. See *In re Crispino*, 160 B.R. 749, 753–56 (Bankr. D. N.J. 1993); *Girard Trust Co.* v. *McGeorge*, 128 N.J. Eq. 91, 101, 15 A.2d 206 (1940). Courts in that state also have held that res judicata bars parties from litigating claims that could have been brought in prior actions. See *McNeil* v. *Legislative Apportionment Commission*, 177 N.J. 364, 395, 828 A.2d 840 (2003), cert. denied, 540 U.S. 1107, 124 S. Ct. 1068, 157 L. Ed. 2d 893 (2004).

---

[3] Section 1738 of title 28 of the United States Code provides in relevant part that authenticated "judicial proceedings or copies thereof . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

The defendants argue that we should disregard these precedents because of *First Fidelity Savings Bank, N.A.* v. *Singer*, Superior Court, judicial district of Stamford-Norwalk, Docket No. 118184 (August 27, 1996). They claim that this case is directly on point, because, like this one, it involved an action to enforce a New Jersey default judgment. In *First Fidelity Savings Bank, N.A.*, the defendant claimed that the plaintiff had miscalculated the amount of money that the defendant previously had paid to the plaintiff in satisfaction of a debt. Id. The court held that, as a general matter, the principle of res judicata barred the defendant from raising, in the Connecticut action, any defense that could have been raised in the New Jersey action. Id. In the particular case before it, however, the court modified the amount of the New Jersey judgment in light of that plaintiff's concession that it had obtained a partial satisfaction of its judgment from a third party. Id.

This case is different. Here, the plaintiff claims that it has not been paid at all. The defendants do not claim that the plaintiff has received any satisfaction for any part of its judgment. *First Fidelity Savings Bank, N.A.*, is, therefore, unpersuasive. If indeed they had any untried defenses to the merits of the underlying suit, they could and should have raised their defenses in the New Jersey action.[4]

In sum, the defendants' claim that the New Jersey judgment is invalid cannot be sustained. We conclude that the New Jersey court had jurisdiction to hold that the defendants had been served properly. We further conclude that the New Jersey judgment cannot be collaterally attacked on its merits in an action in this state. Accordingly, the court properly decided, as a matter of law, to grant the plaintiff's motion for summary judgment.

---

[4] The defendants conceded this point in their brief.

The judgment is affirmed.

In this opinion the other judges concurred.