REGENTS OF THE UNIVERSITY OF CALIFORNIA *v.*
GOLF MARKETING, LLC, ET AL.
(AC 26029)

Lavery, C. J., and McLachlan and Peters, Js.

Argued October 18—officially released November 22, 2005

*Jeffrey W. Keim,* for the appellants (defendants).

*Carrie L. Larson,* with whom was *David B. Zabel,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. Under appropriate circumstances, General Statutes § 52-607[1] authorizes a foreign judgment creditor to seek the enforcement of a judgment in this state even if that judgment was entered by default in the foreign state. In this case, the judgment debtors were, at one time, represented by counsel who filed a general denial on their behalf, in the foreign state, without challenging that court's personal or subject matter jurisdiction. Suing in this state to enforce the subsequent default judgment, the judgment creditor filed a motion for summary judgment, which the trial court granted despite the judgment debtors' claim that the foreign court did not have personal jurisdiction to render a judgment against them. The judgment debtors have appealed. We affirm the judgment of the trial court.

The court's memorandum of decision sets out the relevant factual history. The defendants, Golf Marketing, LLC, Golf Marketing, Inc., Golf Marketing, Incorporated, Golf Marketing Worldwide, LLC, and Kevin Kolenda, agreed to insure a "kick for cash" competition in which someone could win $100,000 for kicking a thirty-five yard field goal during the halftime of a 1999 college football game in Pasadena, California, between

---

[1] General Statutes § 52-607 provides: "The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under sections 52-604 to 52-609, inclusive, remains unimpaired."

the University of California at Los Angeles (UCLA) and the University of Washington. After someone performed this feat, the plaintiff, the Regents of the University of California, asked the defendants to make the stipulated payment. They refused to do so.

As the court also found, "[t]he plaintiff filed a complaint against the defendants in the Superior Court of California. The defendants filed an answer to the complaint containing a general denial and nine affirmative defenses, none of which challenged the California court's competence or jurisdiction. Subsequently, counsel for the defendants filed a 'motion to be relieved as counsel,' which was served on the defendants and granted by the court. Following the withdrawal of the defendants' attorney, the plaintiff filed its first amended complaint. On November 19, 2001, the California court found that 'the defendants . . . [had] been regularly served with process, [and had] failed to appear and answer the plaintiff's first amended complaint . . . .' The [California] court entered a 'judgment by court after default' against the defendants in the amount of $346,773.23."

The defendants argued at trial that the California judgment was not enforceable because it was rendered by a court that did not have personal jurisdiction over them. The trial court rejected this argument. It concluded that, under California law, once an unconditional appearance had been filed on the defendants' behalf, by an attorney, they had waived their right to litigate any issue with respect to personal jurisdiction.

Without contesting the accuracy of the court's description of the factual and legal history of this case, the defendants maintain that the court improperly granted the plaintiff's motion for summary judgment. Pursuant to Practice Book § 17-49, summary judgment "shall be rendered forthwith if the pleadings, affidavits

and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary review of the court's decision." (Citation omitted; internal quotation marks omitted.) *Business Alliance Capital Corp.* v. *Fuselier*, 88 Conn. App. 731, 735, 871 A.2d 1051 (2005).

Our plenary review of the well reasoned decision of the court persuades us that the defendants' argument for reversal of the court's judgment cannot be sustained. Most of their appellate brief is devoted to a discussion of personal jurisdiction under California's "long arm statute." That discussion is devoid, however, of any analysis of the decision of the court with respect to the role of waiver in the law of personal jurisdiction.

This court's recent restatement of the law of enforcement of foreign judgments unconditionally supports the trial court's resolution of the issue of personal jurisdiction in this case. In *Business Alliance Capital Corp.* v. *Fuselier*, supra, 88 Conn. App. 735–39, we reiterated the proposition that, under the full faith and credit clause of the federal constitution, "[t]he judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction rests heavily upon the assailant. . . . To determine whether a foreign court lacked jurisdiction, we look to the law of the foreign state." (Citation omitted; internal quotations marks omitted.) Id., 737.

In this case, the defendants' brief lacks any analysis that would shed doubt on the court's description of the California courts' interpretation of the applicable provisions of the California Code of Civil Procedure. As the court noted, under California law, "a party who seeks relief on any basis other than a motion to quash

for lack of personal jurisdiction will be deemed to have made a general appearance and waived all objections to defects in service, process, or personal jurisdiction." (Internal quotation marks omitted.) *DIAL 800* v. *Fesbinder*, 118 Cal. App. 4th 32, 52, 12 Cal. Rptr. 3d 711, modified, 2004 Cal. App. LEXIS 683 (May 5, 2004). "An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections." (Internal quotation marks omitted.) *Fireman's Fund Ins. Co.* v. *Sparks Construction, Inc.*, 114 Cal. App. 4th 1135, 1145, 8 Cal. Rptr. 3d 446 (2004).

The memorandum of decision issued by the trial court comprehensively addresses the relevant issues arising out of the plaintiff's action to enforce its California judgment. The court properly concluded that, in the California court, under California law, the defendants waived any claim of lack of personal jurisdiction.

The judgment is affirmed.