## J. CORDA CONSTRUCTION, INC. *v.* ZALESKI CORPORATION ET AL.
### (AC 27089)

Schaller, Bishop and McLachlan, Js.

Argued September 21—officially released November 28, 2006

*Timothy Sullivan*, for the appellants (defendants).

*Melissa L. Simonik*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendants, the Zaleski Corporation doing business as Zaleski Snowguards & Roofing Specialties, and Joseph D. Zaleski, appeal from the summary judgment rendered by the trial court in favor of the plaintiff, J. Corda Construction, Inc., in an action to enforce a judgment by default that was rendered by a California court. The defendants claim that the trial court improperly (1) determined that they waived their right to litigate the issue of personal jurisdiction by failing to file a motion to quash the service of a summons in the California court, thereby precluding them from raising a challenge to the California court's jurisdiction in the present action, and (2) granted the plaintiff's motion for summary judgment on the grounds that the California judgment is valid, final and entitled to full faith and credit in Connecticut courts. We reverse the judgment of the trial court and remand the case for further proceedings.

This action arises out of the defendants' sale of an allegedly defective "Snow-Guard" system[1] to the plaintiff. The plaintiff initially brought an action against the

_____

[1] As alleged in the California complaint, "Snow-Guard" is a design and system for the even distribution of snow weight and prevention of snow overloading in gutters for roofs.

defendants in the Superior Court for Placer County, California,[2] in a three count complaint claiming breach of contract, breach of implied warranty and breach of express warranty. On April 27, 2004, the California court found that "[t]he defendants . . . [had] been regularly served with Summons by personal service . . . [and had] failed to appear and answer [the] plaintiffs' complaint within the time allowed by law . . . ." Accordingly, the California court rendered a judgment by default against the defendants in the amount of $42,080.96.

On February 8, 2005, the plaintiff filed a complaint in the Superior Court against the defendants, seeking to enforce the California default judgment. On August 15, 2005, the defendants filed an answer and special defenses. In their answer, the defendants admitted that the plaintiff had recovered a judgment by default against them for failure to appear in the California action. The defendants further admitted that the California default judgment remained wholly unsatisfied. The defendants raised two special defenses, claiming first that they had neither entered into an agreement with the plaintiff nor sold the Snow-Guard system to the plaintiff, and, second, that the failure of the Snow-Guard system was not the result of a defect; rather, it was caused by the plaintiff's improper installation.

On September 8, 2005, the plaintiff filed a motion for summary judgment accompanied by a supporting memorandum of law and a signed, sworn affidavit of Louis A. Basile, the attorney for the plaintiff in the California action. On September 9, 2005, the defendants filed an amended answer and special defenses. The defendants' first special defense was amended to allege that the defendants were not subject to the personal

---

[2] Brian Daniels, doing business as Daniels Roofing Co., also was a plaintiff in the California action. He is not a party to the present action.

jurisdiction of the California court and that the judgment by default, therefore, is void for lack of personal jurisdiction.[3] The amended pleading also added a third special defense that alleged that the full faith and credit clause of the constitution of the United States, article four, § 1, does not apply to the California judgment.

On September 22, 2005, the defendants filed an objection to the plaintiff's motion for summary judgment with a supporting memorandum of law accompanied by (1) copies of the contract, pleadings, summons and judgment by default in the California action, (2) two business inquiries from the Connecticut secretary of the state's web site, and (3) a signed and sworn affidavit of Zaleski. On September 30, 2005, the court issued a memorandum of decision granting the plaintiff's motion for summary judgment. The court found that because the defendants had failed to seek to quash the service of summons in the California court, they waived their right to litigate the issue of personal jurisdiction under California law and, therefore, were precluded from challenging the California court's jurisdiction in the present action. This appeal followed.

Before addressing the merits of the defendants' claims, we set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary

---

[3] In the amended first special defense, the defendants allege that the Snow-Guard system was not sold to the plaintiff by either of the named defendants, rather, it was sold to the plaintiff by "Zaleski Snow-Guards & Roofing Specialties, Inc." As such, the court interpreted the gravamen of the defendants' personal jurisdiction challenge to relate to this misnomer.

review of the court's decision." (Internal quotation marks omitted.) *Regents of the University of California* v. *Golf Marketing, LLC*, 92 Conn. App. 378, 380–81, 885 A.2d 201 (2005).

With respect to the factual issues before the court on summary judgment, there is no dispute that the defendants were served with notice of the proceedings in California, had ample opportunity to defend the action in California and were aware that the California court had rendered a judgment by default against them. This case, therefore, presents the limited question of whether the defendants, having chosen to ignore the California proceedings entirely, effectively waived their right to attack the California court's jurisdiction over them collaterally in the plaintiff's action to enforce the California judgment in Connecticut. We find that the defendants' mere nonresponsiveness to the California action does not constitute a waiver in this circumstance.

The validity of the California judgment in Connecticut implicates the full faith and credit clause of the constitution of the United States, article four, § 1. See *Packer Plastics, Inc.* v. *Laundon*, 214 Conn. 52, 55, 570 A.2d 687 (1990). "As a general principle, the full faith and credit clause of the United States constitution permits a creditor who has obtained a judgment in one state to enforce that judgment in this state. This principle is inapplicable, however, if the foreign judgment is a default judgment[4] rendered by a court that did not have

---

[4] In the present case, the plaintiff elected to enforce the California judgment in this state by an action on the judgment instead of by utilizing the procedures set forth in General Statutes § 52-604. That section, therefore, is inapplicable. See *Business Alliance Capital Corp.* v. *Fuselier*, 88 Conn. App. 731, 735 n.1, 871 A.2d 1051 (2005) ("Concededly, General Statutes § 52-604 provides in relevant part that foreign judgment means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, *except one obtained by default in appearance* or by confession of judgment. . . . General Statutes § 52-607 provides, however, that [t]he right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint *instead of proceeding under sections 52-604 to 52-609,* inclusive,

personal jurisdiction over the judgment debtor." *Business Alliance Capital Corp.* v. *Fuselier*, 88 Conn. App. 731, 732–33, 871 A.2d 1051 (2005).

"The United States Supreme Court has consistently held . . . that the judgment of another state must be presumed valid, and the burden of proving a lack of jurisdiction rests heavily upon the assailant. . . . Furthermore, the party attacking the judgment bears the burden of proof regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding." (Internal quotation marks omitted.) *Phoenix Leasing, Inc.* v. *Kosinski*, 47 Conn. App. 650, 652–53, 707 A.2d 314 (1998). In order to mount a successful collateral attack on the California judgment, the defendants must establish that the California judgment "is void, not merely voidable. . . . Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Id., 653.

Thus, "a debtor who seeks to challenge the validity of a foreign judgment that has been registered properly in this state may do so only by raising [c]onstitutionally permissible defenses . . . that destroy the full faith and credit obligation owed to a foreign judgment . . . . Such defenses include lack of personal jurisdiction or lack of due process." (Citation omitted; internal quotation marks omitted.) *Business Alliance Capital Corp.* v. *Fuselier*, supra, 88 Conn. App. 736–37. "A party can therefore defend against the enforcement of a foreign judgment on the ground that the court that rendered

remains unimpaired. . . . In the present case, the plaintiff elected to enforce the New Jersey judgment in this state by an action on the judgment instead of by utilizing the procedures set forth in the [Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq.]. Section 52-604 is, therefore, inapplicable." [Emphasis in original; internal quotation marks omitted.]).

the judgment lacked personal jurisdiction, *unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue.*" (Emphasis added.) *Packer Plastics, Inc.* v. *Laundon*, supra, 214 Conn. 56.

"To determine whether a foreign court lacked jurisdiction, we look to the law of the foreign state." *Business Alliance Capital Corp.* v. *Fuselier*, supra, 88 Conn. App. 737. "[U]nder California law, a party who seeks relief on any basis other than a motion to quash for lack of personal jurisdiction will be deemed to have made a general appearance and waived all objections to defects in service, process, or personal jurisdiction." (Internal quotation marks omitted.) *Regents of the University of California* v. *Golf Marketing, LLC*, supra, 92 Conn. App. 381–82.

The court, in its memorandum of decision granting the plaintiff's motion for summary judgment, applied Cal. Civ. Proc. Code § 418.10 (a) (Deering 1991)[5] and determined that the defendants were required under California law to appear in California, and to seek to quash the service of summons on the ground of personal jurisdiction and had not done so. The court further noted that the defendants had not complied with Cal. Civ. Proc. Code § 473 (b) (Deering 1995),[6] which

---

[5] Section 418.10 (a) of the California Civil Procedure Code (Deering 1991). provides in relevant part: "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her."

[6] Section 473 (b) of the California Civil Procedure Code (Deering 1995) provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . was taken. . . ."

requires a court to grant relief from a default resulting from a mistake, inadvertence, surprise or neglect, provided that relief is sought within six months after the judgment. On the basis of the court's interpretation of California law, the court determined that the defendants had waived their right to challenge the personal jurisdiction of the California court. We disagree.

"[I]t has long been the rule in California that a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action." *Roy* v. *Superior Court*, 127 Cal. App. 4th 337, 341, 25 Cal. Rptr. 3d 488 (2005). A party in California will be held to have made a general appearance when that party answers the complaint or somehow invokes the authority of the court or makes an *affirmative act* such as propounding discovery, moving for summary judgment before filing an answer, or filing a motion to strike or demurrer unaccompanied by a motion to quash. See id.; see also 2 B. Witkin, California Procedure (4th Ed. 1996) Jurisdiction, Illustrations: Acts Constituting General Appearance §§ 200–205.

Thus, although a motion to quash is the appropriate procedural vehicle for a party to raise an objection to the court's exercise of personal jurisdiction in California,[7] a party's mere failure to appear and move to quash in California does not constitute a waiver, the effect of which would preclude that party from raising the issue as a collateral attack in a subsequent proceeding to enforce the judgment in Connecticut. To conclude otherwise is not only unsupported by California law, but it would place the onus on a Connecticut defendant, sued in California, to appear in California, and to endure the time and expense of litigating this jurisdictional

---

[7] Section 418.10 (a) of the California Civil Procedure Code (Deering 1991) provides that a defendant "may" file a motion to quash on this ground and does not create a mandatory obligation.

issue, even if that party believed that it had no minimum contacts with the state of California. Moreover, a rule mandating a party to litigate the issue of personal jurisdiction in California would serve to preclude that party from ever raising the issue in a subsequent action in Connecticut under the principles of res judicata. See *Nastro* v. *D'Onofrio*, 76 Conn. App. 814, 819, 822 A.2d 286 (2003) ("[An out-of-state money] judgment may be set aside if it is jurisdictionally flawed because the foreign court lacked subject matter or personal jurisdiction over the defendant or if that jurisdiction resulted from an extrinsic fraud. . . . *Even as to questions of jurisdiction, however, the principles of res judicata bar further inquiry if those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.*" [Citation omitted; emphasis added; internal quotation marks omitted.]); see also *Packer Plastics, Inc.* v. *Laundon*, supra, 214 Conn. 56 (defense of personal jurisdiction may be raised "*unless the jurisdictional issue was fully litigated before the rendering court*" [emphasis added]). Such a conclusion runs directly counter to established full faith and credit jurisprudence that a party may raise lack of personal jurisdiction as a defense to challenge the validity of a foreign court's judgment. See *Business Alliance Capital Corp.* v. *Fuselier*, supra, 88 Conn. App. 737 (defenses that destroy full faith and credit obligation owed to foreign judgment include lack of personal jurisdiction and lack of due process); see also *Morris* v. *Jones*, 329 U.S. 545, 550–52, 67 S. Ct. 451, 91 L. Ed. 488 (1947) (holding that default judgments entitled to full faith and credit *absent finding of lack of jurisdiction of rendering court*).

Thus, in order to waive objection to the California court's exercise of personal jurisdiction under California law, the defendants must have made a general appearance, which requires that the defendants answer

the complaint or somehow invoke the authority of the California court on their behalf or affirmatively seek relief. See *Roy* v. *Superior Court,* supra, 127 Cal. App. 4th 341 (defendant concedes jurisdiction of court "if he invokes the authority of the court on his behalf, or affirmatively seeks relief"). Here, unlike the situation in which a judgment debtor had already affirmatively sought relief from the foreign court,[8] it is undisputed that the defendants were completely inactive in the state of California and made no attempt to invoke the authority of the court in California in any way. Under California law, the defendants' mere inaction does not constitute a waiver. Accordingly, we hold that because the defendants did not make a general appearance before the California court, they should not have been precluded from challenging the California court's jurisdiction in the present action. The trial court, therefore, improperly rendered summary judgment, as genuine issues of material fact remain with respect to whether the California court had personal jurisdiction over the defendants.

Finally, the plaintiff urges us to affirm the court's judgment on alternate grounds, namely, that the defendants failed to move to dismiss the present action and failed to plead lack of personal jurisdiction as a special defense. With respect to the defendants' failure to move to dismiss the action on jurisdictional grounds, we note that the defendants seek to challenge collaterally the California court's jurisdiction and not the trial court's jurisdiction. As such, the defendants were not required to raise this issue in a motion to dismiss. See, e.g., *Regents of the University of California* v. *Golf Marketing, LLC,* supra, 92 Conn. App. 379 (judgment creditor

---

[8] See, e.g., *Regents of the University of California* v. *Golf Marketing, LLC,* supra, 92 Conn. App. 379 (objection to California court's personal jurisdiction waived where judgment debtors' counsel filed general denial on debtors' behalf in California without challenging personal jurisdiction there).

raised issue of foreign court's personal jurisdiction in response to plaintiff's summary judgment motion). With respect to the defendants' alleged failure to plead lack of personal jurisdiction as a special defense, we note that on September 9, 2005, the defendants filed an amended answer and special defenses in which they raised the issue of personal jurisdiction. The plaintiff filed no objection to this pleading, thereby consenting to the amendments. See Practice Book § 10-60.[9] Moreover, the defendants raised the issue of personal jurisdiction and minimum contacts in their memorandum of law in opposition to the plaintiff's motion for summary judgment and at oral argument on the motion. These claims, therefore, are without merit.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[9] Practice Book § 10-60 (a) provides in relevant part: "Except as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner . . .

"(3) By filing a request for leave to file such amendment . . . . *If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. . . .*" (Emphasis added.).