## WENDY EVERETT COOKE *v.* MARYALICE COOKE
## (AC 27536)

Schaller, Bishop and Lavine, Js.

---

Argued November 30, 2006—officially released January 23, 2007

*Maryalice Cooke,* pro se, the appellant (defendant).

*D. Kirt Westfall,* for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, Maryalice Cooke, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Wendy Everett Cooke, in this action brought pursuant to General Statutes § 49-51 to discharge a judgment lien. We affirm the judgment of the trial court.

The following facts and procedural history were recited by this court in a related matter between the defendant and her former husband. See *Cooke* v. *Cooke,* 95 Conn. App. 288, 897 A.2d 112 (2006). "The record reflects that in February, 1992, the court dissolved the marriage between [Richard T. Cooke] and [the defendant]. The court incorporated into its dissolution decree a settlement agreement dated February 18, 1992, and entered into between the parties. One of the provisions of this agreement, under an article devoted to educational expenses, provided: 'If [Richard T. Cooke] is

financially able to do so, [Richard T. Cooke] agrees that he shall pay all expenses including school bus transportation for the children's private primary school, private secondary school and undergraduate college education.' At the time of the dissolution, the parties had three minor children issue of the marriage, including Richard T. Cooke, Jr.

"In May, 2004, [the defendant] moved for an order compelling [Richard T. Cooke] to pay for their son to attend The American School in Switzerland (American School), a private secondary school in Switzerland. [Richard T. Cooke] objected to [the defendant's] motion, arguing in part that the son had completed his private secondary education and that the American School was neither a private secondary school nor an accredited undergraduate college. The court conducted an evidentiary hearing. On July 9, 2004, the court issued an oral ruling in which it found that [Richard T. Cooke] was financially able to pay for the education expense and granted [the defendant's] motion. In a subsequent articulation, the court found that the American School was a private secondary school and clarified that its order required the defendant to pay expenses related to tuition, room and board, and books for his son's education at the American School. In August, 2004, [Richard T. Cooke appealed] from the court's judgment. . . .

"[The defendant] represented that, as a consequence of [Richard T. Cooke's] decision to appeal from the court's order, their son was unable to and did not attend the American School. [The defendant] stated that her son lost his place when [Richard T. Cooke] refused to abide by the [court's order].' [The defendant] further represented that her son's opportunity to attend school at the American School is 'no longer available' and that he is currently enrolled in college." Id., 289–90.

On the basis of this factual underlayment, this court dismissed the appeal as moot because Richard T. Cooke was not, in fact, paying for the expenses of the American School in Switzerland and that, because the parties' son was then attending college in the United States, Richard T. Cooke was not likely going to be required to pay for his education at the American School in the future.

The record on appeal also reflects that during the marriage of the defendant to Richard T. Cooke, the premises located at 1123 Sasco Road in Fairfield was the marital residence and that, at some point after the dissolution of the parties' marriage, the plaintiff herein, Richard T. Cooke's second wife, gained title to the premises.

The record further reflects that on August 9, 2004, after the court had ordered Richard T. Cooke to pay for the son's educational expenses at the American School, the defendant filed a judgment lien on the subject premises.[1] The judgment lien stated as follows: "On July 9, 2004 at Superior Court in Bridgeport, Judge Brian Fischer entered [judgment] against the defendant Richard T. Cooke. Defendant Richard T. Cooke was ordered to pay all education expenses for his son, Richard [J]r. The [e]stimated cost per year is $50,000 for five years coming to approximate costs of $250,000 not inclusive of legal fees required for collection." On this basis, the defendant claimed an interest in the property in the amount of $250,000. Additionally, the defendant, in the judgment lien, claimed an interest in the property "by virtue of a judgment and verdict by Judge Joseph Gormley, Jr., in the amount of $15,000 plus interest at 10 [percent], interest due of $13,500 for the amount of $28,000 not inclusive of any legal fees incurred to collect said debt."

---

[1] The record does not disclose the transactions that caused the plaintiff herein to become a titleholder to the property, nor does it reflect title ownership of the property when the defendant placed a judgment lien on it.

On the basis of these two asserted debts, the defendant claimed a lien in the amount of $278,000 against the premises. In response, the plaintiff filed this action seeking to discharge the judgment lien as invalid. In support of her complaint, the plaintiff claimed that the court's order regarding educational expenses for the Cookes' son was not a money judgment, that the defendant is not a judgment creditor with respect to any orders entered in CR-93-93612 and that the defendant is not a judgment creditor with respect to the plaintiff. The plaintiff filed a motion for summary judgment, which was granted by the court. This appeal followed.

Before addressing the merits of the defendant's claims, we set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary review of the court's decision." (Internal quotation marks omitted.) *Regents of the University of California* v. *Golf Marketing, LLC*, 92 Conn. App. 378, 380–81, 885 A.2d 201 (2005).

In *Stein* v. *Hillebrand*, 240 Conn. 35, 688 A.2d 1317 (1997), our Supreme Court noted, "Chapter 906 permits the execution and foreclosure of a lien against a judgment debtor's property only in the event a judgment creditor obtains an unsatisfied 'money judgment.' See General Statutes § 52-350a (15). Section 52-350a (13), which defines 'money judgment,' excludes from this definition a 'family support judgment.' Section 52-350a (7), in turn, defines 'family support judgment' to include 'a judgment, order or decree of the superior court for payment of a legal obligation for support or alimony to

a spouse . . . .' " *Stein* v. *Hillebrand,* supra, 42. In this instance, the record makes it plain that the order did not oblige Richard T. Cooke to pay a money judgment which is defined statutorily as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment. Money judgment includes any such money judgment of a small claims session of the Superior Court, any foreign money judgment filed with the Superior Court pursuant to the general statutes and in IV-D cases, overdue support in the amount of five hundred dollars or more accruing after the entry of an initial family support judgment." General Statutes § 52-350a (13). Because the marital dissolution judgment in effect on the date of the imposition of the judgment lien did not order Richard T. Cooke to pay a certain sum, it cannot fairly be characterized as a money judgment.

As to the claimed order of Judge Gormley in CR-93-93612, in response to the plaintiff's motion for summary judgment, the defendant provided no information from which the court could determine that she was a judgment creditor of an order in a Superior Court criminal matter in which Richard T. Cooke was purportedly the defendant. In the absence of any supporting documentation, there was no basis for the trial court to find the existence of a material fact at issue in regard to this aspect of the defendant's claim regarding the filing of a judgment lien.[2] Although we are solicitous of the fact that the defendant is a pro se litigant, "the statutes and rules of practice cannot be ignored completely." (Internal quotation marks omitted.) *Bennings* v. *Dept. of Correction,* 59 Conn. App. 83, 84, 756 A.2d 289 (2000).

[2] On appeal, the defendant now appears to claim that Richard T. Cooke is indebted to her in the further sum of $72,000, stemming from a decision of the United States Bankruptcy Court. Because this debt was not set forth as part of the basis for the filing of the judgment lien, we do not consider it in this context.

"We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *In re Haley B.*, 81 Conn. App. 62, 67–68, 838 A.2d 1006 (2004).

On the basis of the claims and supporting documentation provided to the trial court, summary judgment was properly rendered.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] On appeal, the plaintiff has requested that the matter be remanded to the trial court for a determination of damages on the basis of the plaintiff's claim that the court deferred the question of damages. If, in fact, the court had not resolved the issue of damages, we would be confronted with the question of whether there has been a final judgment in this matter. Although a review of the transcript suggests that the court did not deal with the plaintiff's claim for damages, the trial court file clearly notes that the court awarded the plaintiff "0" damages. At oral argument before this court, the plaintiff conceded that "if there is a zero in there, it is a final judgment." Because the file makes it clear that the court did respond to the plaintiff's quest for damages and the plaintiff has not cross appealed as to that issue, the question of damages is not before us on appeal.