******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN MICHAEL DEVONE *v.* BRITTANY FINLEY
(AC 35460)

DiPentima, C. J., and Gruendel and Norcott, Js.

*Argued January 8—officially released March 11, 2014*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Howard T. Owens, Jr., judge trial referee.)

*Josephine Smalls Miller*, filed a brief for the appellant (plaintiff).

*Anne Louise Blanchard*, with whom was *Maria Varone*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. This case involves a custody dispute between the plaintiff, John Michael Devone, and the defendant, Brittany Finley. The plaintiff appeals from the judgment of the trial court dismissing his custody application for lack of subject matter jurisdiction.[1] He claims that the court improperly afforded full faith and credit to the judgment of the Georgia Superior Court regarding an individual's custody rights to a child born out of wedlock.[2] We affirm the judgment of the trial court.

The following factual and procedural history, as set forth in the trial court's memorandum of decision, is relevant to this appeal. "The plaintiff . . . filed a custody complaint for sole legal custody and primary residence of the minor child. His complaint contends that it is in the best interest of the minor child for Connecticut to hear this case. The complaint alleges that the minor child has lived in Connecticut for the past sixteen months. The minor child was born out of wedlock in Georgia, where he has resided continuously until on or about January 26, 2012. During that time, the child resided primarily with [the defendant] who shared significant parenting time with the [plaintiff], who also resided in Georgia until late 2011.

"In August 2012, the minor child was living in Georgia with the [defendant]. The [plaintiff], who was living in Connecticut, requested from the [defendant] and was granted parenting time with the minor child for a three-week visit to Connecticut to visit with the [plaintiff] and [his] parents. At that time, the [plaintiff] anticipated securing a job and returning to Georgia to reside. When the three weeks passed and the [plaintiff's] expectation of a job in Georgia fell through, the [plaintiff] claimed he did not have the money to make the trip back to Georgia so the parties agreed that the [plaintiff] could return the minor child to Georgia at Thanksgiving. The [plaintiff] did not return the child at Thanksgiving. The [defendant] gathered the funds in January, 2013, to fly to Connecticut to retrieve her son.

"The [plaintiff] refused to return the son to the [defendant]. The [defendant], who had been verbally promised assistance on several occasions from the Bridgeport police before traveling to Bridgeport, was unable to get their help in securing her son's return because she had no formal court orders concerning custody. She had only the Georgia law which establishes her as the sole custodian. The [defendant] returned home to Georgia and contacted the Marietta Police Department [which], after investigating her claims and attempting to negotiate the child's return with the child's paternal relatives, secured on January [23], 2013, a warrant (No. 13-W-767 signed by Magistrate Court of Cobb County) for the felony charge of interstate interference with custody

(Marietta police case no. 0113001159). On February 7, 2013, the [plaintiff] surrendered himself in Connecticut on the warrant and posted a bond (F02B-CR13-0270463). A February 21, 2013 Connecticut hearing was scheduled on what appears to be his extradition.

"On or about February 2, 2013, a custody complaint was left at the maternal grandmother's home bearing a hearing date of February 11, 2013. The hearing did not proceed on February 11, 2013, due to a court closing . . . ." On February 20, 2013, the defendant filed a motion to dismiss the plaintiff's custody complaint, claiming that Connecticut lacks custody jurisdiction.

On February 26, 2013, the defendant obtained an emergency temporary custody order from the Georgia Superior Court, in which that court concluded that the defendant "shall have immediate custody of the minor child." In receipt of such custody order, the plaintiff filed a motion for an emergency hearing in Connecticut and an objection to the defendant's motion to dismiss. The trial court held a hearing on February 28, 2013.

The trial court thereafter dismissed the plaintiff's custody application, stating in relevant part: "This court should give full faith and credit to the Georgia law where the parties and the minor child lived at the time of the child's birth and where the [defendant] and son have always resided. The [defendant] has sole right to the custody of the parties' son under Georgia law. Unless the [plaintiff] legitimizes the child as provided by law, a judgment separate and distinct in Georgia from simply acknowledging paternity, then the [plaintiff] has no standing with reference to the child. Under Georgia law, as the only recognized parent, the [defendant's] status is akin to a judicial determination that she is the sole custodian. As such, the [plaintiff] unlawfully withheld the child from the [defendant] when he refused to return the child to [her] custody in Georgia."[3] Accordingly, the court dismissed the matter for lack of subject matter jurisdiction and this appeal followed.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [plaintiff] cannot as a matter of law and fact state a cause of action that should be heard by the court . . . . [It] tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *In re Iliana M.*, 134 Conn. App. 382, 387–88, 38 A.3d 130 (2012). "The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Practice Book § [10-30 (a)]." (Internal quotation marks omitted.) *McWeeny* v. *Hartford*, 287 Conn. 56, 63, 946 A.2d 862 (2008).

Our standard of review is well established. "[W]here legal conclusions of the [trial] court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set

out in the memorandum of decision . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." (Citation omitted; internal quotation marks omitted.) *Borden* v. *Planning & Zoning Commission*, 58 Conn. App. 399, 405, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000).

In the present case, the plaintiff claims that the court improperly began its determination on the custody petition by affording full faith and credit to the substantive law in Georgia. The plaintiff argues that the proper inquiry, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, General Statutes § 46b-115 et seq., is first to determine where the minor child lived or had recently lived in order to determine the home state of the child and the subsequent jurisdictional law the court should apply. This claim is unavailing.

"It is axiomatic that a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim." (Internal quotation marks omitted.) *Connecticut Podiatric Medical Assn.* v. *Health Net of Connecticut, Inc.*, 302 Conn. 464, 469, 28 A.3d 958 (2011). "In order for a plaintiff to have standing, it must be a proper party to request adjudication of the issues. . . . One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Citations omitted; internal quotation marks omitted.) *Ganim* v. *Smith & Wesson Corp.*, 258 Conn. 313, 347, 780 A.2d 98 (2001).

The full faith and credit clause of the United States constitution provides in relevant part that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . ." U.S. Const., art. IV, § 1. That constitutional mandate "requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." (Internal quotation marks omitted.) *Nastro* v. *D'Onofrio*, 76 Conn. App. 814, 814, 822 A.2d 286 (2003). "[T]he burden of proving a lack of jurisdiction rests heavily upon . . . the party attacking the judgment . . . regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding." (Internal quotation marks omitted.) *Business Alliance Capital Corp.* v. *Fuselier*, 88 Conn. App. 731, 737, 871 A.2d 1051 (2005).

On our review of the record before us, we conclude that the trial court lacked jurisdiction in the present case. The Georgia Superior Court, in accordance with the law prescribed by its state,[4] issued a temporary custody order giving the defendant immediate custody of the minor child. That court found that the plaintiff

failed to legitimize the child and thus concluded that the defendant is the only party entitled to custody of the child. The full faith and credit clause requires our courts to recognize and enforce the judgment of the Georgia Superior Court. In so doing, the trial court held that the plaintiff, who has no recognized custody rights over the minor child, lacked standing to bring a custody application in this state. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *In re Christina M.*, 280 Conn. 474, 480, 908 A.2d 1073 (2006). The trial court, therefore, properly dismissed the custody application for lack of jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's counsel failed to appear for oral argument before this court.

[2] The plaintiff also asserts that the court committed error by (1) finding that it lacked jurisdiction to make custody orders, (2) dismissing the plaintiff's child custody complaint, (3) declining jurisdiction based upon alleged unjustifiable conduct by the plaintiff, (4) finding that Georgia was the home state of the minor child, and (5) finding that a criminal arrest warrant was tantamount to a child custody proceeding under General Statutes § 46b-115p. Because we conclude that the plaintiff lacked standing to bring the action, we do not discuss those claims.

[3] The trial court dismissed the plaintiff's custody application the same day the Georgia Superior Court awarded the defendant sole legal and physical custody of the child. The plaintiff filed an application to appeal the judgment of the Georgia Superior Court, and the defendant filed a motion to dismiss that application. The Georgia Court of Appeals ultimately dismissed the plaintiff's application as untimely and for lack of jurisdiction.

[4] According to Georgia law, the father of a child born out of wedlock must file a petition to legitimize in order to render his relationship with the child legitimate. See Georgia Code Ann. § 19-7-22 (2013). Otherwise, "the mother may exercise all parental power over the child." Georgia Code Ann. § 19-7-25 (2008).