# JOHN T. MALTAS *v.* R. BRIAN MALTAS
## (SC 18538)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued May 25—officially released September 7, 2010

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*Stephen C. Gallagher*, for the appellant (defendant).

*V. Michael Simko, Jr.*, for the appellee (plaintiff).

*Opinion*

ROGERS, C. J. This case raises questions regarding the proper procedure and burden of proof in actions to enforce foreign default judgments. The defendant, R. Brian Maltas, appeals from the trial court's summary judgment rendered in favor of the plaintiff, John T. Maltas.[1] The plaintiff brought the present action to domesticate in Connecticut a default judgment rendered in Alaska, and the defendant sought to attack collaterally the validity of that judgment, claiming that the Alaska court lacked personal jurisdiction over him. The defendant claims that the trial court improperly concluded that: (1) a collateral challenge to the validity of a foreign default judgment must be raised in a motion to dismiss and not as a special defense; and (2) the plaintiff had satisfied his burden of establishing that there were no genuine issues of material fact and the Alaska judgment was valid as a matter of law. We agree

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

with both of the defendant's claims and, accordingly, reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to the present appeal. The parties are brothers. In 2005, the plaintiff, an Alaska resident, brought an action in Alaska against the defendant, a Connecticut resident, on a claim of promissory estoppel.[2] The plaintiff's Alaska complaint alleged that when the parties' father, an Alaska resident, died in 2001, the right to prosecute a pending action he had filed in Maryland against a third brother, Michael Maltas, passed to his estate. The plaintiff further alleged that, when he became the personal representative of his father for probate purposes, he "consulted with the [d]efendant on whether or not the estate should continue to prosecute the Maryland case." The plaintiff allegedly informed the defendant that neither he nor the estate had sufficient funds to continue to prosecute the action. In response, the plaintiff alleged, the defendant had assured the plaintiff that he controlled the deceased's funds and would make them available to the plaintiff to prosecute the Maryland action. The plaintiff alleged, however, that after he had prosecuted the Maryland case to its conclusion, in reliance on the defendant's assurances, the defendant reimbursed the plaintiff for only a portion of the legal costs.

The plaintiff's Alaska complaint provided no details regarding the number, duration, location or mode of communication of the alleged promissory discussion or discussions between the parties, nor did it specify whether any of either party's alleged obligations were to be carried out in Alaska. Further, there is no indication in the record that the plaintiff had provided any

---

[2] In his Alaska complaint, the plaintiff cited 1 Restatement (Second), Contracts § 90 (1981), which addresses legal liability based on promissory estoppel.

affidavits or other evidence to the Alaska court in support of his allegations. The record does indicate that the defendant was served personally in Connecticut with process for the Alaska action.

In 2006, the Alaska court rendered a default judgment in favor of the plaintiff and against the defendant, in the amount of $40,000 plus interest, costs and attorney's fees. The judgment stated that the defendant had "failed to plead in or otherwise defend this action . . . ." It did not indicate, however, that the Alaska court had made an explicit finding that it had personal jurisdiction over the plaintiff.

On July 31, 2007, the plaintiff filed this action in Connecticut, seeking to enforce the Alaska default judgment against the defendant pursuant to General Statutes § 52-607.[3] The Connecticut complaint alleged the existence of the Alaska default judgment, and that the defendant owed the plaintiff the sum of $53,752 on that judgment. The complaint made no reference to the jurisdictional basis for the Alaska action, however, or to the particulars of the discussions which allegedly precipitated it.

The defendant responded to the plaintiff's complaint on September 26, 2007, by filing an answer and a special defense. The defendant admitted only to being a resident of Connecticut. As to the remaining allegations, he averred that he lacked sufficient information to form a belief, and he left the plaintiff to his proof. In his special defense, the defendant claimed that the Alaska judgment was not enforceable against him because he never had appeared in the Alaska action and the Alaska

---

[3] The Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq., provides a simplified procedure to enforce foreign judgments not obtained by default. General Statutes § 52-607 provides that, notwithstanding the provisions of that act, "[t]he right of a judgment creditor to proceed by an action on the judgment . . . remains unimpaired."

court did not have personal jurisdiction over him. The plaintiff denied the defendant's special defense.

The plaintiff filed a motion for summary judgment pursuant to Practice Book § 17-44 et seq., alleging that the Alaska judgment was a valid, final judgment, entitling him to judgment as a matter of law in the Connecticut enforcement action. Along with the motion, the plaintiff submitted affidavits from his Alaska and Connecticut counsel, each reiterating the allegations from the Connecticut complaint, namely, that an Alaska default judgment had been rendered against the defendant and remained wholly unsatisfied. Again, the affidavits made no reference to the jurisdictional basis for the Alaska action, or to any factual detail on which a court could make a jurisdictional finding.[4]

Relying on Connecticut rules of procedure, the plaintiff also contended that the defendant had waived his right to contest the Alaska court's personal jurisdiction over him. He argued that Practice Book §§ 10-30 through 10-32 require that any challenge to personal jurisdiction be brought through a motion to dismiss, rather than as a special defense, and that such a motion must be brought within thirty days of filing an initial appearance. Finally, the plaintiff contended that, even if the issue of personal jurisdiction had not been waived, there was no genuine issue of material fact, and the judgment was valid under Alaska law.

In opposing the plaintiff's motion for summary judgment, the defendant contended that the plaintiff's waiver arguments were legally incorrect. With regard to the presumed validity of a foreign default judgment, the defendant noted that the complaint in the Alaska action contained "no allegations as to the basis for an

[4] See generally Alaska Stat. § 09.05.015 (2008) (enumerating bases on which Alaska courts may exercise long arm jurisdiction over nonresident parties).

Alaskan [c]ourt to have personal jurisdiction over the [d]efendant and no finding was made by the Alaskan [c]ourt as to the basis for it having personal jurisdiction over the [d]efendant." According to the defendant, whether the Alaska court properly had exercised personal jurisdiction over him was a disputed question of fact to be resolved by the trial court. The defendant submitted an affidavit with his opposition memorandum,[5] in which he averred that he had not entered an appearance or consented to the entry of judgment against him in the Alaska action, and that he had only been to Alaska once in his life, for approximately three days in the mid-1980s.

On October 15, 2008, the trial court granted the plaintiff's motion for summary judgment. Although the precise basis for the trial court's decision is not entirely clear, the court appears to have determined, alternatively, that: (1) the defendant had waived his right to contest the validity of the Alaska judgment by failing to file a motion to dismiss; or (2) the Alaska judgment was presumptively valid as a matter of law, placing the burden on the defendant to submit evidence drawing into question the Alaska court's lack of personal jurisdiction, which the defendant had failed to do. This appeal followed.

I

The defendant claims first that the trial court improperly concluded that he had waived his claim that the Alaska court lacked personal jurisdiction over him by raising it as a special defense rather than in a motion to dismiss. The plaintiff argues in response that Practice Book §§ 10-30 through 10-32 require that any challenge to personal jurisdiction be brought through a motion to dismiss. We agree with the defendant.

---

[5] The trial court, in its memorandum of decision, stated inaccurately that "[n]o attachments of any kind accompanied the defendant's memorandum."

The interpretation of a rule of practice, including whether it applies to a particular situation, is a question of law. *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010). Accordingly, the trial court's determination that the defendant waived his right to challenge personal jurisdiction by failing to comply with the requirements of the rules of practice is subject to plenary review. Id.

Practice Book § 10-30 provides in relevant part that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-31 (a) provides further that "[t]he motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person . . . ." Finally, Practice Book § 10-32 provides that "[a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30."[6]

These rules clearly contemplate that it is a challenge to the jurisdiction of the *Connecticut* court that must be raised in a motion to dismiss, or else be waived. The

[6] Practice Book § 10-6 provides: "The order of pleading shall be as follows:

"(1) The plaintiff's complaint.

"(2) The defendant's motion to dismiss the complaint.

"(3) The defendant's request to revise the complaint.

"(4) The defendant's motion to strike the complaint.

"(5) The defendant's answer (including any special defenses) to the complaint.

"(6) The plaintiff's request to revise the defendant's answer.

"(7) The plaintiff's motion to strike the defendant's answer.

"(8) The plaintiff's reply to any special defenses."

Practice Book § 10-7 provides: "In all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."

rules of practice overall govern practice and procedure in the courts of this state only. See Practice Book § 1-1. The rules in chapter 10 of the Practice Book address in detail the form and timing of pleadings to be filed in Connecticut actions. The requirements in Practice Book § 10-30 for "contest[ing] *the court's* jurisdiction" plainly apply to challenges to a particular court's jurisdiction. (Emphasis added.) Read in context, that court necessarily is the Connecticut court in which the action is pending. Similarly, the procedures delineated in Practice Book §§ 10-31 and 10-32 for claiming "lack of jurisdiction over the person," when read in conjunction with § 10-30, obviously refer to the jurisdiction of the Connecticut court.

The Appellate Court has addressed this issue directly, in an identical context, and has reached the same conclusion. In *J. Corda Construction, Inc.* v. *Zaleski Corp.*, 98 Conn. App. 518, 519, 911 A.2d 309 (2006), the plaintiffs sought to enforce in Connecticut a California default judgment. The trial court permitted the defendants to challenge the personal jurisdiction of the California court by way of special defense. Id., 520–21. The Appellate Court rejected the plaintiff's contention that a motion to dismiss was the only proper vehicle for bringing such a challenge, emphasizing that "the defendants seek to challenge collaterally the California court's jurisdiction and not the trial court's jurisdiction." Id., 527.[7] Similarly, in *Packer Plastics, Inc.* v. *Laundon*, 214 Conn. 52, 54, 570 A.2d 687 (1990), the defendant challenged the validity of a Kansas default judgment via special defense and the trial court decided the personal jurisdiction issue at trial, although the propriety of that approach was not directly at issue on appeal. See also *Hays, McConn, Rice & Pickering, P.C.* v. *Auerback, Pollak & Richardson, Inc.*, Superior Court,

[7] Although *J. Corda Construction, Inc.*, is binding authority in the Superior Court, neither the parties nor the trial court have acknowledged it.

judicial district of Stamford-Norwalk at Stamford, Docket No. CV 00-0179856, 2001 WL 746536, *3 (June 8, 2001).

The plaintiff cites *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999), for the proposition that Practice Book § 10-30 "specifically and unambiguously provides that any claim of lack of jurisdiction over the *person* as a result of an insufficiency of service of process *is waived* unless it is raised by a motion to dismiss . . . ." (Emphasis in original.) *Pitchell* is inapposite, however, because the defendant in that case challenged the exercise of personal jurisdiction by a *Connecticut* court, so that there was no doubt that § 10-30 provided the governing framework.[8]

Finally, there is little rationale to justify a requirement that the validity of a foreign judgment brought for enforcement in Connecticut be challenged via a motion to dismiss rather than as a special defense. At oral argument before this court, the plaintiff suggested that a motion to dismiss is preferable in such a case because it would allow the court to resolve the jurisdictional question early in the proceedings, eliminating the need for discovery and trial. Here, however, this is a distinction without a difference. Because a valid judgment from a sister state is entitled to full faith and credit in Connecticut, the *only* issue before the trial court was whether the Alaska court had jurisdiction and, hence, was empowered to render a valid judgment. Accordingly, resolving the jurisdictional question, likely after a short evidentiary hearing,[9] would have been the court's

---

[8] The same is true of *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 32, 848 A.2d 418 (2004), the other authority on which the plaintiff relies.

[9] See *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 608 n.10, 674 A.2d 426 (1996) ("[w]here the facts necessary to determine jurisdiction are disputed, due process requires that a trial-like hearing be held, [at the request of either party] in which an opportunity is provided to present evidence and to cross-examine adverse witnesses" [internal quotation marks omitted]); *Tri-State Tank Corp.* v. *Higganum Heating, Inc.*, 45 Conn. App.

first and only order of business. In this context, raising the jurisdictional matter as a special defense does not prolong the proceedings beyond what would be necessary had it been raised in a motion to dismiss. On the basis of the foregoing analysis, we conclude that, in an action to enforce a foreign judgment, a challenge to the foreign court's jurisdiction properly is raised as a special defense.

II

The defendant also claims that the trial court improperly determined that there were no genuine issues of material fact between the parties and that the plaintiff had established, as a matter of law, that the Alaska judgment is enforceable against the defendant in Connecticut. The defendant acknowledges that he was served with process notifying him of the Alaska action, but contends that the Alaska court lacked personal jurisdiction in light of his failure to appear in that action. The plaintiff acknowledges and agrees with the defendant's affidavit averring that he has not been in Alaska except briefly in the mid-1980s, but argues nevertheless that the defendant failed to offer any evidence that the Alaska court lacked jurisdiction over him or to cite any legal authority in that regard. We conclude that the plaintiff failed to establish both the nonexistence of a genuine issue of material fact in regard to whether the Alaska court had personal jurisdiction over the defendant and, further, that he was entitled to judgment on that basis as a matter of law. The trial court, therefore, improperly rendered summary judgment in favor of the plaintiff.

In rendering summary judgment for the plaintiff, the trial court noted that the plaintiff had provided evidence

798, 800, 699 A.2d 201 (1997) (where defendant had filed motion to dismiss contesting validity of Kansas default judgment, trial court conducted evidentiary hearing into alleged jurisdictional defects in Kansas proceeding).

establishing that the defendant had received certified mail notice of the pendency of the Alaska action, but that the defendant never had appeared in that action. The court then cited authority from this court, which was based on federal precedent, that there is a strong presumption, arising from the full faith and credit clause of the United States constitution,[10] that final judgments are valid and enforceable in sister states, and, therefore, that the burden of proving that the foreign court lacked jurisdiction " 'rests heavily upon the assailant' "; *Packer Plastics, Inc.* v. *Laundon*, supra, 214 Conn. 57, quoting *Williams* v. *North Carolina*, 325 U.S. 226, 233–34, 65 S. Ct. 1092, 89 L. Ed. 1577, reh. denied, 325 U.S. 895, 65 S. Ct. 1560, 89 L. Ed. 2006 (1945); here, the defendant.[11] The court noted additionally that a party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. The trial court then concluded that the defendant, having presented no such evidence, had failed to overcome the presumption that the Alaska judgment was valid.

---

[10] The full faith and credit clause of the United States constitution provides in relevant part that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State. . . ." U.S. Const., art. IV, § 1.

[11] *Williams* v. *North Carolina*, supra, 325 U.S. 233–34, first articulated the rule that, in an action to enforce a foreign judgment, the burden of disproving the foreign court's jurisdiction "rests heavily upon the assailant," and that rule has been repeated in subsequent case law. We take this opportunity to clarify that the burden of proof in such cases, although it unquestionably rests with the assailant, is no more than the usual burden applicable in civil matters, i.e., the assailant must prove, by a preponderance of the evidence, facts that demonstrate that the foreign court lacked jurisdiction. In *Williams*, the state of North Carolina tried and convicted a defendant for bigamy and, incident to the prosecution, was required to show that a divorce judgment the defendant had obtained in Nevada was invalid. Id., 227. The "rests heavily" language must be read in the context of that case, which involved a full criminal trial with the attendant strict burden of proof on the state; see id., 235–36; and an explicit finding by the Nevada court, when it rendered the divorce judgment, that it had personal jurisdiction over the defendant. See id., 233.

At the outset, it is important to emphasize that this appeal arises from the trial court's summary judgment, as opposed to judgment after a full trial on the merits. We, therefore, first set forth the principles governing a trial court's ruling on a motion for summary judgment. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 83, 856 A.2d 372 (2004). A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary review of the court's decision. *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, 279 Conn. 312, 318, 901 A.2d 1207 (2006). Because the burden of proof is on the movant, "the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Provencher* v. *Enfield*, 284 Conn. 772, 791, 936 A.2d 625 (2007).

"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." *Nolan* v. *Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Because "[l]itigants have a constitutional right to have factual issues resolved by the jury"; *Mather* v. *Griffin Hospital*, 207 Conn. 125, 138, 540 A.2d 666

(1988); "motion[s] for summary judgment [are] designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." *Wilson* v. *New Haven*, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, supra, 279 Conn. 318.

Of course, "[o]nce the moving party has met its burden [of production] . . . the opposing party [to survive summary judgment] must present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) *Martel* v. *Metropolitan District Commission*, 275 Conn. 38, 46–47, 881 A.2d 194 (2005). "When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, [however] the nonmoving party has no obligation to submit documents establishing the existence of such an issue." (Internal quotation marks omitted.) Id., 46; see also *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (nonmoving party may withstand motion for summary judgment merely by pointing to lack of evidence on essential element of movant's claim); *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 491, 280 A.2d 359 (1971) (nonmoving party "under no obligation to establish by counter affidavit the truth of the unattacked allegations"); *Rockwell* v. *Quintner*, 96 Conn. App. 221, 228–29, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006) (general rule that party opposing summary judgment must provide evidentiary support for opposition inapplicable until moving party has made out prima facie case for entitlement to summary judgment); cf. 49 C.J.S. 379, Judgments § 266 (1997) ("if the party moving for sum-

mary judgment fails to show that there are no genuine issues of material fact, the nonmoving party may rest on mere allegations or denials contained in his pleadings").

Applying the foregoing standards to the present case, the defendant, in opposing the plaintiff's motion for summary judgment, would have been obligated to come forward with evidence only if the plaintiff first had made out a prima facie case that the Alaska court properly had exercised personal jurisdiction. We conclude that the plaintiff failed to present evidence to eliminate any factual dispute in that regard and, therefore, that the trial court improperly shifted the burden to the defendant to produce evidence to show that an issue of fact existed.

The trial court apparently concluded that the plaintiff had eliminated any factual dispute over whether personal jurisdiction attached simply by proving that the defendant properly had been served with process. Although adequate service of process is necessary for a state to obtain jurisdiction over an out-of-state party, it is not sufficient. *Sanders* v. *Humphrey*, 735 F. Sup. 209, 212 (S.D. Miss. 1990). This is because the due process clause of the fourteenth amendment to the United States constitution places additional limits on the power of the states to assert personal jurisdiction over nonresident defendants. See *Helicopteros Nacionales de Colombia, S. A.* v. *Hall*, 466 U.S. 408, 413–14, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

The question of whether another state's court properly exercised personal jurisdiction is determined with reference to the law of that state. See *Smith* v. *Smith*, 174 Conn. 434, 437–38, 389 A.2d 756 (1978); *Tri-State Tank Corp.* v. *Higganum Heating, Inc.*, 45 Conn. App. 798, 800, 699 A.2d 201 (1997). Pursuant to Alaska jurisprudence, "[i]n order to assert personal jurisdiction over a nonresident defendant, there must exist a statutory basis for jurisdiction, and the nonresident defen-

dant must have sufficient 'minimum contacts' with [Alaska] such that due process is satisfied." *Alaska Regional Hospital* v. *Amil International Ins. Co.*, United States District Court, Docket No. A03-177CV (JWS), 2003 WL 24085347, *1 (D. Alaska November 5, 2003). "Alaska's [long arm] statute is codified at [Alaska Stat. § 09.05.015 (2008)], and is interpreted by the Alaska Supreme Court as permitting the court to assert jurisdiction to the fullest extent allowed by the [United States] [c]onstitution. Therefore, personal jurisdiction may be asserted so long as due process is not offended." Id.[12]

Under the due process clause, as interpreted by Alaska's courts, a state may assert personal jurisdiction over a nonresident defendant when three conditions are met. *Kubley* v. *Whetstone*, United States District Court, Docket No. J04-19CV (JWS), 2004 WL 2827716, *6 (D. Alaska December 3, 2004). First, the record must demonstrate that the defendant had "minimum contacts" with the state of Alaska.[13] *Kennecorp Mortgage & Equities, Inc.* v. *First National Bank*, 685 P.2d 1232, 1238 (Alaska 1984). Second, when, as here, "a controversy

[12] The Alaska Supreme Court has explained, however, that "[e]ven though personal jurisdiction requires compliance with both the long-arm statute and due process concerns, the fact that the long-arm statute is co-extensive with the [f]ourteenth [a]mendment does not make the statute gratuitous. The state's long-arm statute provides an authoritative basis for simplifying most jurisdictional questions. By furnishing a list of specific grounds providing jurisdiction, the state avoids converting every jurisdictional issue into a constitutional question." *Alaska Telecom, Inc.* v. *Schafer*, 888 P.2d 1296, 1299 (Alaska 1995).

[13] "The primary inquiry in evaluating a nonresident defendant's contact with the forum state is a consideration of the defendant's purposeful activity with respect to that state. As explained by the United States Supreme Court, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted.) *Kennecorp Mortgage & Equities, Inc.* v. *First National Bank*, 685 P.2d 1232, 1238 (Alaska 1984), quoting *Hanson* v. *Denckla*, 357 U.S. 235, 254, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

is related to or arises out of a defendant's contacts with the forum state, the exercise of jurisdiction is considered specific and [is] justified by the relationship among the defendant, the forum, and the litigation." (Internal quotation marks omitted.) *In re Estate of Fields*, 219 P.3d 995, 1008 (Alaska 2009). In other words, once a defendant has purposefully injected himself into the forum, for jurisdiction to attach there must be "a nexus between the contacts with the forum and the claim . . . ." *Kubley* v. *Whetstone*, supra, *6. Third, "the assertion of personal jurisdiction [must comport with traditional notions of] fair play and substantial justice. Once it has been determined that a defendant purposefully established minimum contacts with Alaska, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable in order to defeat personal jurisdiction."[14] (Internal quotation marks omitted.) *Polar Supply Co.* v. *Steelmaster Industries, Inc.*, 127 P.3d 52, 57 (Alaska 2006).

Here, the plaintiff provided no evidence to demonstrate that some portion of Alaska's long arm statute unquestionably had been satisfied or that the Alaska court's exercise of jurisdiction otherwise complied with the foregoing due process requirements. Accordingly, the defendant was under no obligation to produce countervailing evidence in order to survive summary judgment. See *Celotex Corp.* v. *Catrett*, supra, 477 U.S. 322–23; *Plouffe* v. *New York, N.H. & H.R. Co.*, supra, 160 Conn. 491; *Rockwell* v. *Quintner*, supra, 96 Conn. App. 228–29. Indeed, in the absence of any indication from the plaintiff as to the particular theory of personal

---

[14] In assessing reasonableness and fairness, Alaska courts balance the relative inconveniences on the parties of having to litigate in Alaska versus a foreign venue, as well as Alaska's interests as a state in providing a judicial forum for its citizens. *Kennecorp Mortgage & Equities, Inc.* v. *First National Bank*, supra, 685 P.2d 1239.

jurisdiction he had advanced in Alaska, it would have been difficult, if not impossible, for the defendant to produce evidence refuting it. As the District of Columbia Court of Appeals has explained, to place the burden on the defendant to disprove jurisdiction before the plaintiff has even alleged a specific theory of jurisdiction would be to saddle the former with the "quite harsh" and "hopeless task" of "hypothesiz[ing] every possible basis for jurisdiction and [negating] each one." *Pardo* v. *Wilson Line of Washington, Inc.*, 414 F.2d 1145, 1150 n.9 (D.C. Cir. 1969).

The trial court apparently concluded that, because as a general matter, foreign judgments are presumed valid and the burden of proving that the foreign court lacked jurisdiction lies with the assailant; see *Packer Plastics, Inc.* v. *Laundon*, supra, 214 Conn. 57; it was necessary for the defendant, at this stage of the proceedings, to satisfy that burden. We disagree with that determination. Rather, the burden of proof on a motion for summary judgment remains with the moving party even when, as here, the nonmoving party will bear the burden of persuasion at trial. "Although the burden of setting aside [a foreign default] judgment rests upon the party against whom it is sought to be enforced . . . where the personal jurisdiction issue is resolved on summary judgment, it is the moving party's burden to establish that there is no genuine issue of material fact, and an entitlement to prevail as a matter of law. . . . In resolving this question, we treat the proffered materials in the light most favorable to the nonmoving party." (Citations omitted.) *Hudson Drydocks, Inc.* v. *Wyatt Yachts, Inc.*, 760 F.2d 1144, 1146–47 (11th Cir. 1985); see also *Barkat Gems, Inc.* v. *Feldman*, United States District Court, Docket No. 84 CIV. 0659 (WCC), 1989 WL 34065, *3 n.3 (S.D.N.Y. April 5, 1989) (same); *Smith* v. *Yanmar Diesel Engine Co., Ltd.*, 855 So. 2d 1039, 1042–43 (Ala. 2003)

(same); *Lakeside Equipment Corp.* v. *Chester,* 173 Vt. 317, 322, 795 A.2d 1174 (2002) (same).

Because the plaintiff sought summary disposition of this matter, thereby depriving the defendant of the right to a trial, *the plaintiff* bore the heavy burden of showing that there were no real issues to be tried and that judgment in his favor unquestionably was warranted as a matter of law.[15] Because the plaintiff failed to make that showing, the trial court improperly rendered summary judgment in his favor.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

---

[15] It is clear, however, that if the plaintiff's action to enforce the Alaska default judgment in Connecticut proceeds to trial, the onus will be on the defendant to demonstrate that the Alaska judgment was invalid for lack of personal jurisdiction. See *Packer Plastics, Inc.* v. *Laundon,* supra, 214 Conn. 57.

* The listing of justices reflects their seniority status on this court as of the date of oral argument.