*Beyonics Int'l PTE Ltd. v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty.

PRESENT:  REENA RAGGI,
             RICHARD J. SULLIVAN,
             WILLIAM J. NARDINI,
               *Circuit Judges.*

-----------------------------------------------------------------

BEYONICS INTERNATIONAL PTE LTD.,

    *Plaintiff-Counter-Defendant-Appellee,*

            v.                               No. 20-265

SCOTT DAVID SMITH,

    *Defendant-Counter-Claimant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT: ADAM B. MARKS (Matthew K. Stiles, *on the brief*), Updike, Kelly & Spellacy, P.C., Hartford, CT.

FOR APPELLEE: JOHN J. HAY, Dentons US LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 20, 2019 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Scott David Smith appeals from a default judgment in favor of Plaintiff-Appellee Beyonics International PTE Ltd. under the Connecticut Uniform Foreign Money-Judgments Recognition Act, Conn. Gen. Stat. § 50a-30 *et seq.* ("UFMJRA"). He argues that the district court erred in denying his motion to set aside the default on the theory that his counterclaim for breach of an employment contract constituted a meritorious defense. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

"A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge," *Marziliano v. Heckler*, 728 F.2d 151, 156

(2d Cir. 1984), who may do so only upon a showing of "good cause," Fed. R. Civ. P. 55(c). This Court has directed district courts to consider three factors in deciding whether to relieve a party from default: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the non-defaulting party. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). To demonstrate the existence of a meritorious defense, the defaulting party need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense. *See id.* at 98. We review the district court's denial of a motion to vacate the entry of default for abuse of discretion. *Id.* at 95.

We see no abuse of discretion in the district court's determination that Smith did not present a meritorious defense. As an initial matter, Smith concedes that the affirmative defense of setoff that he asserted before the district court is not a meritorious defense under Connecticut law. And while Smith now argues – for the first time on appeal – that he presented a meritorious defense through his counterclaim, he fails to show that a counterclaim is even a permissible defense in an action to enforce a foreign money judgment under Connecticut law.

3

Indeed, the UFMJRA identifies a limited set of exceptions to recognition of a foreign money judgment that, like the Singapore judgment obtained by Beyonics, "is final and conclusive and enforceable where rendered." Conn. Gen. Stat. § 50a-32; *see id.* § 50a-34 (enumerating circumstances under which a foreign judgment is not conclusive or need not be recognized). If none of the statutory exceptions to recognition apply, the foreign judgment "is conclusive between the parties to the extent that it grants or denies recovery of a sum of money" and "is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." *Id.* § 50a-33.

Smith neither contends that his counterclaim falls within any of the specifically enumerated grounds for non-recognition nor suggests that the counterclaim calls into question the finality or conclusive nature of the Singapore judgment. To the contrary, Smith concedes that he does not "seek[] nonrecognition of the Singapore Judgment." Reply at 13 n.10. Instead, Smith asserts that the district court should have stayed enforcement of the Singapore judgment long enough to resolve his newly asserted counterclaim, which he argues is based on the same employment contract that was the subject of the Singapore judgment. But as Smith concedes, Connecticut appellate courts have

4

never construed an unresolved counterclaim as a defense to a recognition claim under the UFMJRA or as a reason to forestall immediate enforcement of a recognized foreign judgment. As a result, the district court clearly did not abuse its discretion in finding that Smith lacked a meritorious defense under Rule 55(c).

This is true even if, as Smith argues, his counterclaim arises out of the same transaction as the underlying foreign judgment. *Cf. Maltas v. Maltas*, 298 Conn. 354, 362 (2010) ("Because a valid judgment from a sister state is entitled to full faith and credit in Connecticut, the *only* issue before the trial court was whether" the judgment was not void for lack of jurisdiction.). And in any event, we are unpersuaded by Smith's argument that his contract counterclaim arises out of the same transaction as the lawsuit here, since the present action involves only the enforcement and recognition of a foreign judgment under the UFMJRA, not the breach of contract claim originally litigated in Singapore. *See AKF, Inc. v. Upcountry Servs. of Sharon, Inc.*, No. LLICV196021671S, 2020 WL 1172156, at *6 (Conn. Super. Ct. Feb. 5, 2020).

We have considered Smith's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5