******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., with whom MULLINS, J., joins, concurring in part and dissenting in part. I agree with parts II and III of the majority opinion, specifically, the court's determinations that the contract at issue was not a "home solicitation sale" within the meaning of General Statutes § 42-134a (a) (5) and that the trial court's award of damages was proper. I respectfully dissent, however, from part I of the majority opinion, which holds that the state court in California had personal jurisdiction over the defendant George A. Frank on the basis of the application of California law and, specifically, the "closely related" doctrine. I do not believe it is prudent for us to consider and decide the issue of personal jurisdiction on the basis of a theory that the plaintiff did not advance, either in the trial court or before this court. If the court is unable to uphold the trial court's determination of personal jurisdiction over George Frank in California on the basis of the factual record developed and the legal theory the plaintiff has argued, I would end the inquiry and reverse the trial court's judgment as to George Frank on count one of the plaintiff's complaint.

I agree completely that the full faith and credit clause of the United States constitution governs an action to enforce a foreign judgment in this state and requires that we "accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. . . . This rule [is tempered by] the proposition that lack of jurisdiction [in that foreign court] renders a foreign judgment void." (Citation omitted.) *Packer Plastics, Inc.* v. *Laundon,* 214 Conn. 52, 56, 570 A.2d 687 (1990). I also agree that "[t]he party raising a jurisdictional claim as a defense against the enforcement of a foreign judgment bears the burden of proving, by a preponderance of the evidence, facts that demonstrate that the foreign court lacked jurisdiction." (Internal quotation marks omitted.) Part I of the majority opinion, quoting *Maltas* v. *Maltas,* 298 Conn. 354, 364 n.11, 2 A.3d 902 (2010). However, I am unaware of authority holding that our full faith and credit obligation requires that we research and vindicate arguments that the plaintiff has not made in support of the foreign judgment.

The trial court in this case found that George Frank had failed to carry his burden of demonstrating that the California court lacked jurisdiction, rejecting his argument that he did not consent to jurisdiction in California because he was not a party to the "Staging Services and Lease Agreement" (agreement) and, therefore, that the forum selection clause in the agreement "cannot form a proper basis for jurisdiction." Rather,

the trial court found, on the basis of the factual record, that George Frank had been properly served in Connecticut and had "signed a guarantee of the staging agreement with a company [the plaintiff] that has a principal place of business in California and that provides that Los Angeles is the appropriate forum." The trial court therefore determined that the court in California had personal jurisdiction over George Frank on the basis of proper service of process and constitutionally sufficient minimum contacts. George Frank originally appealed from the trial court's judgment nearly seven years ago.

This case has now been before this court twice and before the Appellate Court once. In both courts, and in all three appeals, the parties have briefed and argued the issue of whether the court in California had personal jurisdiction over George Frank in rendering a default judgment against him on the terms that the trial court addressed. See *Meribear Productions, Inc.* v. *Frank*, 328 Conn. 709, 714–15, 183 A.3d 1164 (2018); *Meribear Productions, Inc.* v. *Frank*, 165 Conn. App. 305, 311–15, 140 A.3d 993 (2016). Specifically, George Frank has consistently argued that he lacked sufficient minimum contacts with California and that the assertion of personal jurisdiction over him in that state offended traditional notions of fair play and substantial justice, in violation of the due process clause of the fourteenth amendment to the United States constitution. See *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ("an individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum" (emphasis in original)). The plaintiff has not raised any alternative ground to affirm the trial court's judgment against George Frank. See Practice Book § 63-4 (a) (1) (A).

The majority declines to address the jurisdictional question that both the trial court and the Appellate Court decided, that George Frank and his wife, the named defendant, Joan E. Frank, have challenged and briefed on appeal, and that the plaintiff has responded to in kind. Rather, the majority states: "We need not address the defendants' minimum contacts argument because we conclude that George Frank consented to personal jurisdiction in California."

In support of this conclusion, the majority has discovered a different legal theory, which is based on California law, that, when applied to the factual record here, the majority holds resulted in personal jurisdiction over George Frank on the basis of consent, regardless of whether he signed the agreement containing the forum selection clause. Specifically, the majority applies California's "closely related" doctrine, an exception to the general rule that a nonsignatory to a contract is not bound by a forum selection clause contained in that contract. See *Berclain America Latina, S.A. de C.V.* v.

*Baan Co. N.V.*, 74 Cal. App. 4th 401, 405, 87 Cal. Rptr. 2d 745 (1999). Under the closely related doctrine, a forum selection clause may be enforced against a non-signatory who is "so closely involved in the agreement or associated with a party to the transaction as to be functionally equivalent to that party." Id., 403; see also *Net2Phone, Inc.* v. *Superior Court*, 109 Cal. App. 4th 583, 588, 135 Cal. Rptr. 2d 149 (2003), review denied, California Supreme Court, Docket No. S117411 (August 27, 2003). Applying California law, the majority concludes that George Frank was so "closely related" to the agreement that he is bound by its forum selection clause and, on the basis of this theory, concludes that he therefore consented to personal jurisdiction in California. In support of this conclusion, the majority cites to the following facts: George Frank participated in the negotiation of the agreement; he made substantive changes to the agreement; he executed Addendum B, a credit card authorization for payment of the staging services; he was married to the agreement's signatory, Joan Frank; and he personally benefited from the agreement.

Although the majority has "no trouble concluding that [George Frank] received a direct benefit under the agreement," that is a finding that the trial court did not make. Indeed, because the home at issue was only in Joan Frank's name and George Frank was not a signatory to the agreement, any benefit George Frank derived from using the furniture while he lived in the house with her might be more aptly described as indirect. Further, much of this indirect benefit stems from the breach of the agreement, not the agreement itself. Nor do I have the same confidence as the majority does that, without the input of the parties, I know with any certainty whether the closely related doctrine, which has not been litigated in Connecticut, properly applies to this case.[1] In particular, I note that, in each of the California cases cited by the majority, it was the defendant who sought the protection of the forum selection clause. See *Net2Phone, Inc.* v. *Superior Court*, supra, 109 Cal. App. 4th 587; *Bancomer, S. A.* v. *Superior Court*, 44 Cal. App. 4th 1450, 1461, 52 Cal. Rptr. 2d 435 (1996); *Lu* v. *Dryclean-U.S.A. of California, Inc.*, 11 Cal. App. 4th 1490, 1493–94, 14 Cal. Rptr. 2d 906 (1992). Because the courts of California have not weighed in on whether the closely related doctrine applies under these facts, I hesitate to presume that it does.

But, even if I had confidence in the factual record or in my own ability to determine and apply California law, I would be disinclined to decide this civil case, between two well represented parties, in the way the majority does. Although the majority is correct that, "[i]n resolving a claim raised by the parties, we are not required to constrain our analysis to the law relied on by the parties"; *In re David B.*, 167 Conn. App. 428, 448 n.10, 142 A.3d 1277 (2016); I believe the court's

resolution of this personal jurisdiction issue taxes the limits of that latitude, although I would hasten to add that reasonable minds can differ on this point. More particularly, in addition to my concern that we might be going beyond the confines of our adversarial system in our discovery of an additional doctrine that supports the plaintiff, I am at least equally concerned about cases in which we do *not* summon a similar ingenuity to bring a different approach to an issue that might arguably be related to that which is under consideration. How will we know when to do so and when not to?

To be sure, this is not an easy line to draw, and appellate courts struggle mightily to do so with any consistency. As the majority indicates, distinguishing between "claims or issues" that the parties themselves have not raised, on the one hand, and "arguments or factors" pertaining to claims or issues they *have* raised, on the other, can be challenging. See, e.g., *Jobe* v. *Commissioner of Correction*, 334 Conn. 636, 644 n.2, 224 A.3d 147 (2020); *State* v. *Santiago*, 318 Conn. 1, 124, 122 A.3d 1 (2015). Nor is it easy to determine whether a legal argument is "subsumed within or intertwined with arguments related to the legal claim" before the court. (Internal quotation marks omitted.) *Jobe* v. *Commissioner of Correction*, supra, 644 n.2. The court's foray into California law not cited or argued by the parties is too far for me in the present case, however, and I would not reach the ground for upholding personal jurisdiction over George Frank that the majority reaches.

In my view, the majority's determination not to affirm on the ground on which the trial court decided the case must mean the majority has grave doubts that it can affirm on that ground. This to say that, if the court believed it could affirm on the more straightforward and conventional minimum contacts analysis that the trial court found and the parties briefed, I doubt seriously it would venture into California law. So, although George Frank, in the majority's view, was so "closely related" to the agreement with the forum clause that he is deemed to have consented to jurisdiction in California, this close relationship to a contract with the California plaintiff apparently falls short of establishing minimum contacts, either by itself or in combination with any other facts of record. For the purposes of my opinion, I accept this implied determination that personal jurisdiction over George Frank cannot constitutionally be sustained and would stop there.

I therefore respectfully dissent as to the determination of personal jurisdiction over George Frank.

[1] Nor do I consider this case a good candidate for seeking supplemental briefing from the parties because the plaintiff has not sought to inject this theory into the case. See, e.g., *State* v. *Armadore*, 338 Conn. 407, 419–20, 258 A.3d 601 (2021) (appellate courts have discretion to order supplemental briefing).